UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JESUS LUIS DIAZ,

                Plaintiff,

      -against-

NORTHPORT VA MEDICAL CENTER,
ERIC K. SHINSEKI, Secretary of Veteran's Affair,

                Defendant.
------------------------------------------------------------X

**ORDER**
11-CV-4254 (SJF)(ARL)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★  JUN 27 2014  ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

On September 2, 2011, *pro se* plaintiff Jesus Luis Diaz ("plaintiff") commenced the instant action against the Northport VA Medical Center ("VA"), pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* [Docket Entry No. 1]. On November 9, 2011, plaintiff filed an amended complaint against the VA and "Eric K. Shineski, Secretary of Veterans Affair" ("Shineski") (collectively, "defendants"), alleging that defendants discriminated against him on the basis of race and national origin by failing to hire him. [Docket Entry No. 6]. Now before the Court is defendants' motion for summary judgment. [Docket Entry No. 39]. For the reasons that follow, defendants' motion is granted.

I.    Background[1]

    A.    Factual Background

On or about March 2003, plaintiff applied for a full-time position as an electrician at the VA. (Defs.' 56.1 Stmt. ¶ 6; Pl. Depo. at 29). When visiting the VA every six (6) months for

---

[1] The facts are taken from the transcript of plaintiff's deposition, which is attached as Exhibit B to the declaration of Assistant U.S. Attorney Diane C. Leonardo [Docket Entry No. 43] (hereinafter "Pl. Depo."), documents attached to plaintiff's amended complaint [Docket Entry No. 6] (hereinafter "Am. Compl., at [ ]," with an indication of the electronic page number), the undisputed statements in Defendants' Statement Pursuant to Local Rule 56.1 ("Defs.' 56.1 Stmt.") [Docket Entry No. 42], and my

diabetes treatment, plaintiff stopped by the maintenance department to ask about the status of the electrician position. (Defs.' 56.1 Stmt. ¶ 7; Pl. Depo. at 30-31). The "girl" at the desk in the maintenance department informed plaintiff that the electrician position may have been filled as a part-time job, and suggested that plaintiff apply for a maintenance mechanic position. (Defs.' 56.1 Stmt. ¶¶ 8-9; Pl. Depo. at 31-32). In 2008, plaintiff applied for the maintenance mechanic position while he "waited for the electrical job to open." (Pl. Depo., at 32-33; Defs.' 56.1 Stmt. ¶ 9).

In 2010, plaintiff observed contractors, not employees of the VA, doing electrical work at the VA. (Defs.' 56.1 Stmt. ¶ 10; Pl. Depo. at 40). Plaintiff then immediately went to the maintenance department and obtained a computer print-out of his information on file with the VA. (Pl. Depo. at 36). Plaintiff noticed that the print-out incorrectly listed his status as a "non-veteran." (Pl. Depo. at 36). Plaintiff believes that his status was incorrectly entered into the VA computer system for discriminatory reasons. (Defs.' 56.1 Stmt. ¶¶ 11-12; Pl. Depo. at 42-43).

In June 2010, plaintiff spoke with Steven Wintch ("Wintch"), the Freedom of Information Act ("FOIA") Officer for the VA, to find out why plaintiff was not hired. (Defs.' 56.1 Stmt. ¶ 16; Pl. Depo. at 47-48, 61-62). After speaking with Wintch, plaintiff felt that he did not get the electrician position in September 2003 or the maintenance mechanic position in March 2008 for discriminatory reasons. (Defs.' 56.1 Stmt. ¶¶ 16-18; Pl. Depo. 61-62). By letter dated June 24, 2010, plaintiff submitted a FOIA request ("FOIA Request") for information regarding the job qualifications of the individuals hired for electrician and maintenance mechanic

---

review of the record. Plaintiff has failed to respond to Defendants' 56.1 Statement. Therefore, for purposes of this motion, the Court will consider the facts in Defendants' 56.1 Statement as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party fails to properly . . . address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion.").

positions. (Defs.' 56.1 Stmt. ¶ 18; Am. Compl. at 36, 49). By letter dated July 28, 2010, Wintch denied plaintiff's FOIA Request because the VA "ha[d] no records to supply [plaintiff] regarding the filling of the Electrician (E10) and Maintenance Mechanic (E10) job postings as they were posted in 2003 and 2007 respectively," and the VA's records control policy does not require the VA to maintain records beyond two (2) years. (Am. Compl., at 52-53).

In correspondence dated August 4, 2010, plaintiff wrote that "[a]fter realizing [he] was not even being considered for these jobs [he] decided to pursue questioning the hiring and qualifications of the person/persons being hired for these job postings." (Am. Compl., at 50; Def. 56.1 Stmt. ¶ 19). On September 10, 2010, plaintiff appealed the VA's denial of his FOIA Request, noting that it "is [his] belief that [he] is equally if not more qualified then the person/persons hired and [he was] discriminated against based on [his] age or nationality." (Am. Compl., at 48; Defs.' 56.1 Stmt. ¶ 20). On February 25, 2011, the VA denied plaintiff's appeal, after "confirm[ing] that appropriate efforts were made to identify any documents that would be responsive to [plaintiff's] request" and "find[ing] that there are no records responsive to [plaintiff's] request." (Am. Compl., at 54-55; Defs.' 56.1 Stmt. ¶ 21).

On April 12, 2011, plaintiff requested informal counseling with an Equal Employment Opportunity ("EEO") counselor. (Am. Compl., at 12, 32-34). On May 11, 2011, upon the conclusion of the informal counseling, the VA and plaintiff "remained apart on the issues and were unable to come to a resolution," and plaintiff was sent a "Notice of Right to File a Discrimination Complaint." (Am. Compl., at 12, 33-34). On May 26, 2011, plaintiff filed a formal complaint of discrimination with the EEO, alleging: (i) he was discriminated against on the basis of race (Hispanic) when he was not selected for the electrician position in September 2003; and (ii) he was discriminated against on the basis of race (Hispanic) when he was not

3

selected for the maintenance mechanic position in March 2008. (Am. Compl., at 12). On July 19, 2011, the regional EEO officer asked plaintiff to "explain why [he] waited more than 45-calendar days to contact a counselor regarding" his allegations of discriminatory conduct in September 2003 and March 2008. (Am. Compl., at 41). On July 25, 2011, plaintiff responded that "once [he] felt that [he] may have been discriminated against, [he] notified the Department of Veteran Affairs on June 24, 2010 . . . requesting information on the people hired for the positions." (Am. Compl., at 39-40; Defs.' 56.1 Stmt. ¶ 22).

On October 6, 2011, the EEO issued its final agency decision, dismissing plaintiff's EEO complaint because he did not initiate contact with an EEO counselor within the required forty-five (45) days of the alleged discriminatory conduct and because plaintiff "failed to provide sufficient justification for extending or tolling the time limitation." (Am. Compl., at 12-13).

B.  Procedural History

On September 2, 2011, plaintiff commenced the instant action against the VA, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, claiming discrimination based upon age and national origin. [Docket Entry No. 1]. On November 9, 2011, plaintiff filed an amended complaint against the VA and Shineski, alleging that defendants discriminated against him on the basis of race (Hispanic) and national origin (Hispanic) by failing to hire him for an electrician position in October 2004 and a maintenance mechanic position in February 2008. [Docket Entry No. 6].

On December 3, 2013, defendants served plaintiff with their summary judgment motion. [Docket Entry No. 31]. On December 10, 2013, plaintiff served defendants with his "Response to Motion for Summary Judgement [sic] Pursuant to Local Civil Rule 56.2" ("plaintiff's opposition"). [Docket Entry No. 33]. On January 27, 2014, defendants filed the fully briefed

4

summary judgment motion, without submitting a reply brief, because "[p]laintiff's purported opposition[2] does not address the merits of Defendants' motion for summary judgment." [Docket Entry No. 45].

II. Discussion

A. Standard of Review

"Summary judgment must be granted where the pleadings, the discovery and disclosure materials on file, and any affidavits show 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks and citations omitted). "A fact is material if it might affect the outcome of the suit under the governing law, and an issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 558 (2d Cir. 2012) (internal quotation marks and citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano*, 557 U.S. 557, 586, 129 S.Ct. 2658, 174 L.Ed.2d 490 (2009) (internal quotation marks and citation omitted); *see also Fabrikant v. French*, 691 F.3d 193, 205 (2d Cir.

---

[2] Plaintiff's opposition is a one (1) page document, which states, in its entirety: "PLEASE TAKE NOTICE that Plaintiff Jesus Luis Diaz have [sic] moved to dismiss the motion for summary judgment pursuant to Rule 56 of Civil Procedure. The plaintiff has requested all documentation from the defendant, some of which has not been provided. In addition, plaintiff has issued a subpoena to Concorde Personnel Inc. for information which has not been received. I respectfully request all information stated above." [Docket Entry No. 44].

5

2012).

"The moving party bears the burden of establishing the absence of any genuine issue of material fact." *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010) (citation omitted). If this burden is met, "the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown*, 654 F.3d at 358 (citation omitted). When an adverse party "fails to properly address another party's assertion of fact," the court may "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e). "[C]ourts, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (internal quotation marks and citation omitted).

B. Title VII Claims and Exhaustion of Administration Remedies

"Title VII requires that an employment discrimination claimant pursue administrative procedures before commencing a lawsuit and imposes a deadline for the initiation of such procedures." *Fitzgerald v. Henderson*, 251 F.3d 345, 358-59 (2d Cir. 2001). "Regulations promulgated by the Equal Employment Opportunity Commission ("EEOC") establish the applicable administrative procedures that a federal employee must exhaust prior to filing suit." *Belgrave v. Pena*, 254 F.3d 384, 386 (2d Cir. 2001). The governing EEOC regulations require "[a]n aggrieved person [to] initiate contact with [an EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1); *see also Fitzgerald*, 251

F.3d at 359 ("[F]ederal employees are given 45 days from the date of the alleged discriminatory act in which to initiate administrative review of alleged employment discrimination.").

"The 45-day period serves as a statute of limitations; thus, as a general rule, claims alleging conduct that occurred more than 45 days prior to the employee's initiation of administrative review are time-barred." *Fitzgerald*, 251 F.3d at 359 (citations omitted); *see also Briones*, 101 F.3d at 290 ("failure to bring a claim within the [required time] period ordinarily would have precluded a plaintiff from pursuing a discrimination claim in federal court"); *Robles v. Cox & Co., Inc.*, 841 F. Supp. 2d 615, 825 (E.D.N.Y. 2012) ("Failure to timely file a charge with the EEOC renders the subject claim time-barred, preventing a claimant from bringing her claim in federal court." (citation omitted)).

The forty-five (45) day period accrues from "the date of the alleged discriminatory event, or of the date that [the employee] should have known of the discriminatory event." *Briones v. Runyon*, 101 F.3d 287, 290 (2d Cir. 1996). In a Title VII claim based on failure to hire, the forty-five (45) day period begins to run when the plaintiff "knew or had reason to know of [the employer's] decision not to interview or hire [plaintiff]." *United States. v. City of N.Y.*, 631 F. Supp. 2d 419, 428 (S.D.N.Y. 2009).

While it is unclear exactly when plaintiff learned that he had not been hired for the electrician position in September 2003 or the maintenance mechanic position in March 2008, plaintiff's own submissions undeniably demonstrate that plaintiff was aware of the alleged discriminatory acts of which he now complains no later than August 4, 2010. In a letter dated August 4, 2010, plaintiff wrote that in "2004, [he] was told that it was possible that the [electrician] job was filled and someone may have been hired," that he "went to the Human Resource office [and] was told that the [maintenance mechanic] position was filled," and that he

7

"decided to pursue questioning the hiring and qualifications of the person/persons being hired for these job postings" once he "realiz[ed] that [he] was not even being considered for these jobs." (Am. Compl., at 50). Furthermore, in his September 10, 2010 appeal of the VA's denial of his FOIA Request, plaintiff stated that he "belie[ved] that [he] is equally if not more qualified then the person/persons hired and [he was] discriminated against based on [his] age or nationality." (Am. Compl., at 48). Regardless of whether the limitations periods began to accrue on the dates of the alleged discriminatory acts in 2003 and 2008, or on August 4, 2010, or September 10, 2010, plaintiff did not initiate contact with an EEO counselor until April 12, 2011, well beyond the forty-five (45) day limit. Accordingly, plaintiff's complaint to the EEO was untimely and his claims of discrimination are time-barred.

However, like a statute of limitations, the "forty-five day requirement is subject to equitable tolling." *Boos v. Runyon*, 201 F.3d 178, 184 (2d Cir. 2000); *see also Briones*, 101 F.3d at 290 (noting that "the statutory requirement for [timely exhaustion of administrative remedies] is analogous to a statute of limitations and is, therefore, considered subject to waiver, estoppel, and equitable tolling"). "Equitable tolling is only appropriate in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 90 (2d Cir. 2003) (internal quotation marks, citations, and alterations omitted); *see also Paladino v. Potter*, 347 F. App'x 613, 614 (2d Cir. Sep. 1, 2009) (summary order) (affirming district court's conclusion that plaintiff "failed to timely exhaust her administrative remedies within the requisite 45-day period" and plaintiff "has not established that the circumstances of this case warrant equitable tolling"). "Equitable tolling is not available when it is the fault of the claimant for failing to exercise due diligence in meeting the filing deadlines." *Moore v. Potter*, 217 F. Supp. 2d 364, 373 (E.D.N.Y.

2002). "The burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff." *Boos*, 201 F.3d at 185.

Plaintiff has not demonstrated any exceptional circumstance that prevented him from timely exhausting the administrative remedies set forth in the EEOC regulations. Plaintiff does not argue, nor does the Court see a reason, that the doctrine of equitable tolling should apply to plaintiff's time-barred Title VII claims. Accordingly, plaintiff's claims are dismissed.

III. Conclusion

For the foregoing reasons, defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 is granted. The Clerk of the Court shall enter judgment accordingly and close this case.

**SO ORDERED.**

s/ Sandra J. Feuerstein
───────────────────────
Sandra J. Feuerstein
United States District Judge

Dated: June 27, 2014
       Central Islip, New York